UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


HILDEN RIVAS-SENA,            )      CASE NO.  4:10 CV 1140
                                )
           Petitioner,        )      JUDGE DAVID A. KATZ
                                )
      v.                   )
                                )      <u>MEMORANDUM OF OPINION</u>
                                )      <u>AND ORDER</u>
HARVEY LAPPING, <u>et al</u>.      )
                                )
           Respondents.     )


Before the court is <u>pro se</u> petitioner Hilden Rivas-Sena's above-captioned habeas

corpus action pursuant to 28 U.S.C. § 2241.  Petitioner is incarcerated at Northeast Ohio

Correctional Center in Youngstown, Ohio (N.E.O.C.C.) and names Bureau of Prisons (BOP)

Director Harvey Lapping [sic] and N.E.O.C.C. Warden Roddy Rushing as Respondents.[1] Mr. Rivas-

Sena asserts that his rights under the Americans with Disabilities Act (ADA) and the Eighth

Amendment were  violated when the Disciplinary Hearing Officer (DHO) at Moshannon Valley

---

[1]      The proper spelling of the Director's name is "Harley G. Lappin."
http://www.bop.gov/about/co/index.jsp "

Correctional Center (MVCC) provided a Interpret-Talk Translator #600451 device in lieu of a live translator during his DHO hearing.  Petitioner seeks the restoration of 27 days Good Conduct Time (GCT) forfeited as a sanction for his violation of BOP Code 201, "Fighting With Another Person."  For the reasons set forth below, the petition is dismissed.

*Background*

On November 25, 2009, Case Manager D. Harmic and two other employees at MVCC heard a scuffle outside of the case manager's office.  The employees left the office to discover Mr. Rivas-Sena and another inmate in the hallway facing each other, both "in a fighting stance."  After the inmates were ordered to back away, Mr. Rivas-Sena raised his arm defensively to avoid a blow.  He then swung back at the other inmate with a closed fist.  Ordered to back away a second time, the inmates complied and were led away in opposite directions.  An incident report was issued on the same date, charging Mr. Rivas-Sena with a Code 201 violation.  A copy of the report was also provided to the petitioner on that date.

A Unit Disciplinary Committee (UDC) Chairperson later referred the matter to the DHO.  On December 1, 2009, the Chairperson advised petitioner of his rights before the DHO.  A copy of these rights was attached to the petitioner's Incident Report.

A hearing was held before the DHO on December 7, 2009.  Mr. Rivas-Sena requested a translator.  The DHO provided the Interpret-Talk translation service during the hearing.[2]  Petitioner waived his right to staff representation.  He denied the charge against him in the Report, claiming he did not punch or push the other inmate.  Instead, he maintaine he was defending himself and

---

[2]     There is no indication petitioner protested the use of this device during the hearing, or that he insisted on a live translator.

2

stated: "When President Bush had a shoe thrown at him, he defended himself."  (Inc. Rpt. at III., B.)  No witnesses were called.

The DHO examined the Inmate Injury Assessment forms provided for petitioner and the other inmate, photographs of both inmates' injuries, and the General Information Forms written by the three staff members present during the November 25, 2009 incident.  The DHO considered all of this information, which included eyewitness testimony that petitioner punched the other inmate, as well as the petitioner's statement.  Moreover, the DHO stated Mr. Rivas-Sena provided inconsistent statements during the discipline process, stating that at the time of the incident "he was going to mainline, then it was to Ms. Eastwood's office, then the incident was simply a matter of self-defense.  The DHO found your credibility lessened by your inconsistent statements."  (Inc. Rpt. at V.)  Mr. Rivas-Sena also stated he had ongoing problems with this inmate that were never reported to staff.  Ultimately, the DHO found petitioner committed the prohibited act.  He was sanctioned with the loss of 27 days GCT, Disciplinary Segregation for 30 days, loss of commissary, telephone, visitation for 3 months and assessed a $2.00 Medical Co-pay for injuries sustained by the other inmate.

On December 15, 2009, petitioner was provided a copy of the DHO's findings.  These included a statement advising petitioner he could appeal the DHO's decision within 20 calendar days.  There is no allegation or attachment indicating Mr. Rivas-Sena exhausted his administrative remedies.

*Initial Review*

This matter is before the court for screening. 28 U.S.C. § 2243; Harper v. Thoms, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct.  22, 2002).  At this stage, allegations in the petition

are taken as true and liberally construed in petitioner's favor. Urbina v. Thoms, 270 F.3d 292, 295 (6ᵗʰ Cir.2001).  As Mr. Rivas-Sena is appearing pro se, his petition is held to less stringent standards than those drafted by attorneys. Burton v. Jones, 321 F.3d 569, 573 (6ᵗʰ Cir.2003); Hahn v. Star Bank, 190 F.3d 708, 715 (6ᵗʰ Cir.1999).  For the reasons set forth below, his petition lacks merit.

*Exhaustion*

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. Little v. Hopkins, 638 F.2d 953, 954 (6ᵗʰ Cir.1981).  The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory requirement, but instead, is a wholly judicially created requirement. See Wesley v. Lamanna, No. 01-3426, 2001 WL 1450759 (6ᵗʰ Cir.  Oct.  30, 2001).  Unlike a Prison Litigation Reform Act imposed exhaustion requirement, the judicially created administrative remedy exhaustion requirement does permit waiver of further exhaustion in the face of futility. Aron v. LaManna, No. 00-3834, 2001 WL 128349, at *1 (6ᵗʰ  Cir. Feb. 6, 2001) (citing McKart v. United States, 395 U.S. 185, 200 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply").

Mr.  Rivas-Sena does not address why he failed to exhaust his administrative remedies.  A cursory review of the petition, however, reveals he is not entitled to habeas relief for what is essentially a civil rights complaint.  See Phillips v. Seiter,173 F.3d 609, 610-11 (7ᵗʰ  Cir. 1999) ("District court which lacks jurisdiction over habeas corpus petition . . . may take 'peek' at merits of petitioner's claim, in order to determine whether [28 U.S.C.A. § 1631] transfer to correct district would be appropriate, in interests of justice, or whether transfer would be waste of time due to infirmities in petition).  Thus, based on the reasons set forth below, petitioner's failure to exhaust

4

administrative remedies is waived for his habeas claim, only.

*Meritless Habeas Claim*

When faced with the loss of good conduct time, a prisoner may seek habeas relief to determine whether he received the due process to which he is entitled under the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

Mr. Rivas-Sena's does not dispute the DHO's determination that he violated Code 201.  This court's review of the quantum of evidence supporting a prison disciplinary board's decision, however, is limited to determining whether some evidence supports the decision. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The court is not permitted to re-weigh the evidence presented to the board. Id. at 455.  This is not, however, a challenge to whether Mr.  Rivas-Sena's right to due process was violated.  Clearly, there was  more than 'some evidence' to support the DHO's decision.  Instead, petitioner alleges he is entitled to recover 27 days GCT because the respondents violated his civil rights.  Because this is not the type of claim for which this court can grant habeas relief, petitioner is not entitled to relief pursuant to 28 U.S.C. §2241. See Cohen v. United States, 593 F.2d 766, 770-71 (6th  Cir.1979)

*Civil Violations*

Section 2241 claims under Title 28 of the U.S. Code are generally reserved for challenges to the execution of a prisoner's sentence, such as the computation of parole or sentence credits, and may not be used to challenge a prisoner's conditions of confinement. See id.  Mr. Rivas-

5

Sena alleges he was deprived of a right secured by the federal Constitution by persons acting under color of federal law. See  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).  Since the federal government is not subject to suit under § 1983, Ana Leon T. v. Fed. Reserve Bank, 823 F.2d 928, 931 (6th Cir.1987), and § 2241 is a vehicle not for challenging prison conditions, Cohen, 593 F.2d at 770-71, the court construes this as a Bivens claim.[3]  As such, petitioner's Eighth Amendment and ADA claims are dismissed without prejudice to any civil action petitioner might raise in the future.

<em>Conclusion</em>

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice to any civil action petitioner might raise in the future.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Katz

_____

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[3]    In Bivens, the Supreme Court held that damages may be recovered from federal agents for injuries inflicted by them in violation of a victim's Fourth Amendment rights, even absent a statute authorizing a federal cause of action. Bivens, 403 U.S. at 396-97.